■ In the Matter of HELEN LUTKITZ, Appellant, v. JAMES M. POWER et al., Constituting the Board of Elections of the City of New York, and EILEEN F.

SPRINGMAN et al., Respondents.— Order entered on September 3, 1965, granting in part petitioner's motion to invalidate certain "nominating and/or designating petitions" and validating other such petitions modified, on the law, on the facts and in the exercise of discretion, without costs and without disbursements, to the extent of granting the withdrawal application made by petitioner and deleting from said order the first decretal paragraph. This proceeding was initiated by an order to show cause signed on August 23, 1965, prior to the time the Board of Elections considered the petitioner-appellant's objections. Not knowing when and how the Board of Elections would determine the issues raised by the objections and in view of the timetable set forth by the Election Law (§ 330), it was necessary for the petitioner to "prematurely" institute this proceeding if she were to retain her right to judicial review. In such context, and in view of the ultimate decision of the Board of Elections, it would have been illogical for petitioner to continue the proceeding with respect to the petitions already invalidated by the board. Thus, her application to withdraw was in a sense mandated by the circumstances and the court's denial of her request was, in our opinion, an improper exercise of discretion. Accordingly we, in the exercise of our discretion, grant the relief sought. Moreover, if the action taken by Special Term were to become a common practice it could well result in the creation of additional confusion and difficulties in an area where such elements are inherently present in abundance. It could place a petitioner in a disadvantageous position with respect to the determination of issues suddenly raised and not presented in accordance with the procedure set forth in the Election Law. Such a practice would also, in effect, undermine and extend the time limitations imposed by the Election Law — limitations essential to ensure that the statute serve the purpose for which it was intended. Concur — Rabin, J. P., Valente and Eager, JJ.; Stevens, J., dissents and votes to affirm.